**YONG SONG LIU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5533–ag.

United States Court of Appeals, Second Circuit.

July 30, 2008.

Gary J. Yerman, New York, NY, for petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Mark C. Walters, Assistant Director, James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington D.C., for respondent.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Yong Song Liu, a native and citizen of the People's Republic of China, seeks review of a November 28, 2007 order of the BIA affirming the June 26, 2002 decision of Immigration Judge ("IJ") Sandy Hom denying Liu's's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Song Liu,* No. A 79 652 747 (B.I.A. Nov. 28, 2007), *aff'g* No. A 79 652 747 (Immig. Ct. N.Y. City June 26, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622–23 (2d Cir.2007). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, because Liu fails to challenge before this Court the BIA's denial of his claim based on his illegal departure from China, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Additionally, because Liu failed to argue before the BIA that his forced hiding amounted to persecution or that he fears he would be sterilized upon

return to China, we decline to consider these unexhausted issues. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122–23 (2d Cir.2007) ("[O]ur [C]ircuit applies an issue exhaustion doctrine to petitions for review from the BIA.").

 To the extent that Liu continues to assert that he may be eligible for relief based on his wife's forced sterilization, this Court has held that an alien cannot establish eligibility for relief based solely on the forced sterilization of that alien's spouse. *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007).[1] While Liu correctly asserts that economic deprivation may constitute persecution, *see Mirzoyan v. Gonzales,* 457 F.3d 217 (2d Cir.2006), he has presented no evidence or arguments as to how the fine or the alleged damage of his house constituted substantial economic disadvantage amounting to persecution. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (requiring that a petitioner "offer some proof that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation marks omitted)).

Therefore, we find no error in the agency's denial of asylum where Liu failed to establish either past persecution or a well-founded fear of persecution if he were to return to China. *See* 8 U.S.C. § 1101(a)(42). Because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT

relief where they are based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Liu's pending motion for a stay of removal is DISMISSED as moot.

---

1. Judge Sotomayor continues to believe that the majority opinion in *Shi Liang Lin* was in error to the extent that it applied beyond unmarried partners, *see Shi Liang Lin,* 494 F.3d at 327 (Sotomayor, *J.,* concurring), but notes that the Attorney General has since adopted this Court's construction of the statute and overruled the BIA's former *per se* rule

of spousal eligibility, *see In re J–S,* 24 I. & N. Dec. 520 (A.G.2008).

